APPEL v. LIPMAN.

(Supreme Court, Appellate Term. November 11, 1910.)

1. LANDLORD AND TENANT (§ 150*)—REPAIRS BY TENANT—LIABILITY OF LANDLORD.

A tenant, repairing the roof of the leased premises pursuant to instructions of the landlord's agent and his promise to make a prompt repayment of the expenditures, may recover from the landlord the cost of the improvement.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 555; Dec. Dig. § 150.*]

2. PRINCIPAL AND AGENT (§ 23*)—EXISTENCE OF RELATION—EVIDENCE.

The testimony of one claiming to have acted as agent of a landlord, admitted without objection, that he had been the agent of the landlord for about a year, sufficiently proved agency.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 41; Dec. Dig. § 23.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Samuel Appel against Annie Lipman. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before SEABURY, PAGE, and BIJUR, JJ.

Rudolph Marks, for appellant.
Nathan H. Stone, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

BIJUR, J.　This is an action for an amount expended by plaintiff, a tenant, for repairing a roof on premises of defendant.　Various nice points raised by respondent in regard to the absence of proof that. the lease introduced in evidence is the lease under which plaintiff now holds, or that the defendant is bound thereby, or that, interpreted in the light of the decisions cited, the defendant was not bound to repair the roof, need not be discussed, although it is fair to say that I regard respondent's contentions in regard thereto as not well founded.

The uncontradicted evidence of the plaintiff is that he was instructed by the agent of the defendant-to have the roof repaired and was promised a prompt repayment for the expenditure.　The agency is also sufficiently proved by the testimony of the agent, admitted without objection, to the effect that he had been the agent for the defendant for about a year, ever since she took the premises over from the previous owner.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.　All. concur.